# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CORRIE TRAVAIL CARTER**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 16 C 6248 |
| **SGT. DOUGÉ**, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Corrie Travail Carter ("Carter"), a pretrial detainee at the Cook County Department of Corrections ("County Jail"), has utilized the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" (the "Complaint") to sue the Department of Corrections itself, two of its sergeants and two of its correctional officers because of assertedly unconstitutional living conditions at the County Jail. Carter has accompanied his Complaint with an In Forma Pauperis Application ("Application") and its informational printout about his trust fund account at the County Jail as called for by 28 U.S.C. § 1915(a)(2) ("Section 1915").[1] In accordance with our Court of Appeals' teaching, this memorandum opinion and order will first address Carter's filing fee obligations under Section 1915 before turning to the threshold screening called for by Section 1915A.

As it turns out, the average monthly deposits to Carter's trust fund account (see Section 1915(b)(1)(A)) during "the 6-month period immediately preceding the filing of the complaint"

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

(Section 1915(a)(2)) are just a bit greater than the average monthly balance in that account for the same period (Section 1915(b)(1)(B)): $198.33 for the former, as against $196.10 for the latter. Accordingly the initial partial filing fee payment required by Section 1915(b)(1), 20% of that greater figure, comes to $39.67. Carter is assessed that initial partial filing fee, and the County Jail trust fund officer is ordered to collect that amount from Carter's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department.

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Carter may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Carter's name and the 16 C 6248 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

As for the substance of Carter's claim, his Complaint IV's Statement of Claim describes the conditions about which he complains and says "I have told several officers, Sargeants [sic], and Lieutenants to no avail," but he has clearly failed to comply with the provisions of 42 U.S.C. § 1997e(a) that bars the filing of any action "with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available

are exhausted." Although this Court regularly gives plaintiffs an opportunity to cure a mere pleading deficiency in that respect, in this instance there can be no question as to the prematurity of this action -- the Statement of Claim begins with this sentence:

> I have been in a cell without a working toilet for over 2 weeks.

That short time frame is plainly inadequate to have encompassed the filing of a grievance and its rejection up the chain of command.

Accordingly both the Complaint and this action are dismissed, although the dismissal is without prejudice. Despite the dismissal, however, Carter remains obligated to pay the full $350 filing fee in the present and future installments described in this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 20, 2016